# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 fax

Stephen J. Kraftschik
(302) 351 9378
skraftschik@mnat.com

February 15, 2017

The Honorable Leonard P. Stark                         *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Mayne Pharma International Pty Ltd., v. Merck & Co. Inc., et al.*,
            C.A. No. 15-438 (LPS) (CJB)

Dear Chief Judge Stark:

    We represent the Merck defendants in this now-stayed patent case. We write to oppose Mayne's February 10, 2017 request (D.I. 138) to modify this case's protective order.

    Merck has produced over 160,000 pages of confidential scientific and business information to Mayne in reliance on the existing stipulated protective order. Under the order, only Merck and the Court can control the disclosure of this information beyond the limited group of people agreed to in the order. Mayne, however, now seeks to undo this organizing principle. Mayne asks for unfettered control to disclose Merck's confidential information to the U.S. Patent Trial and Appeal Board in a separate *inter partes* review proceeding. That would put Merck's information at high risk of public disclosure—the PTAB automatically discloses all evidence relied upon in their final decision, and any other evidence still in the record after proceedings end.

    Mayne's effort to wrest control of Merck's documents in this manner defeats the entire purpose of the protective order, and for no legitimate reason. If Mayne believes it needs information from Merck for the IPR, Mayne knows how to invoke the PTAB's discovery procedures. But nothing justifies allowing Mayne to take what Merck produced here in reliance on confidentiality protections and exploit it elsewhere beyond Merck's or the Court's control.

    **Facts:** This case arises from Mayne's claim that Merck's Noxafil antifungal tablets infringe Mayne's patent on a formula for an "azole" antifungal pharmaceutical composition, U.S. Patent No. 6,881,745. (D.I. 1.) These allegations implicate highly confidential information for both parties, who accordingly agreed to use these materials only in this case under a protective order. That order accordingly forbids disclosure of confidential information to anyone other than a limited number of people needed to participate in this case. (D.I. 45 ¶¶ 4, 7.)

    Based on these terms, Merck has produced 73,102 pages of "Confidential" and 89,667 pages of "Highly Confidential" documents. These include such materials as Merck's New Drug Application for Noxafil tablets; records of Merck's Noxafil tablet formulation efforts; marketing

The Honorable Leonard P. Stark
February 15, 2017
Page 2

plans; financial and scientific data on Noxafil's performance; and other extremely sensitive and private business information, the disclosure of which could severely injure Merck.

On December 19, 2016, the PTAB instituted an IPR to review the '745 patent as obvious or anticipated on three different grounds. (D.I. 128, Ex. J.) Mayne agreed on February 6, 2017 to stay this case pending completion of the IPR. (D.I. 137.)

**Analysis:**  As Mayne agrees (at 2), a protective order is appropriate under FRCP 26(c) so long as there is "good cause" under the "*Pansy* factors." The Court weighs the "requesting party's need for information against the injury that might result" from uncontrolled disclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (quotation omitted). Among the relevant factors are the producing party's privacy interests; the parties' status as public or private entities; the reason for seeking the information; and fairness and efficiency. *Id*. In addition, "[i]n determining whether to *modify* an already-existing confidentiality order, the parties' reliance on the order is a relevant factor." *Id.* at 789 (emphasis in original).

**1.   Merck's Privacy Interests.**  Mayne (at 2 n.2) denies that Merck's acute privacy interests are even relevant. Mayne is wrong. If the Court accepts Mayne's proposal, then Merck and this Court will lose control over the confidentiality of Merck's information.

While the PTAB will seal confidential information in an IPR, that information "ordinarily would become public 45 days … after final judgment in a trial." PTAB Trial Practice Guide, 77 Fed. Reg. 48756, at 48761. The only remedy for such disclosure is to move "to expunge the information from the record" before it becomes public, but that remedy is not available if "the information is referred to in a … final written decision following a trial."[1]

Here, Mayne's goal in seeking to use Merck's confidential information is to induce the PTAB to rely on that information, thereby causing the information's disclosure. Mayne (at 2) wants the PTAB to rely on information about Merck's formulation program and Noxafil's scientific and commercial performance, among other things. Merck should not have to face the risk that Mayne will put such sensitive information into the public domain without Merck's consent. The stipulated order in this case—agreed to by these private parties and involving no public interest—expressly contemplates that the parties and the Court would take reasonable steps to protect Merck's information in the event of a trial. (D.I. 45 at ¶¶ 28-29.) Moreover, this is a jury trial case; the jury would have no need to disclose any underlying confidential information informing its decision. Mayne agreed to all of these procedures, yet now seeks to use Merck's confidential information in a forum that has none of these protections, and indeed which requires exactly the sort of public disclosure the order in this case expressly forbids.

Mayne points (at 2) to two orders in other cases as support for its application, but neither is pertinent. Both concerned whether an initial case confidentiality order should permit district court discovery to be used in an IPR. Neither involved modifying an existing order on which parties

---

[1]   *See also, e.g., Flir Sys., Inc., Petitioner*, IPR2014-00411/434, 2015 WL 5190544 (Sept. 3, 2015) (agreeing to seal only documents not relied upon in final decision); *Torrent Pharm. Ltd. & Apotex, Inc. & Mylan Pharm. Inc., Petitioners*, IPR2014-00784; IPR2, 2015 WL 5719630 (Sept. 24, 2015)("if our Final Written Decision substantively relies on any information in a sealed exhibit, that exhibit will be unsealed by an Order of the Board").

had already relied. Nor is there any indication in those cases that the parties made the Court aware of the PTAB's policy of disclosing confidential information in the IPR record. To the contrary, the dispute in *Pregis* was not about confidential information at all. (*See* Ex. A (submissions on the issue from the *Pregis* docket).) In any event, other cases in this district have refused to modify protective orders in similar circumstances.[2]

      **2.    No Legitimate Interest Justifies Mayne's Proposed Change.** No legitimate interest justifies exposing Merck's confidential information as Mayne proposes. Mayne can use the PTAB's discovery procedures to seek pertinent information. Indeed, Mayne has already made such a request. While discovery in an IPR is narrower than in district court, that does not create a legitimate need for Mayne to have access to Merck's district court production in the IPR. Just the opposite: giving Mayne district court discovery to use in an IPR would undermine Congress's intent in making IPRs a more streamlined way of resolving patent disputes.[3]

      Mayne asserts (at 2) that Merck does not dispute that some unspecified part of Merck's production is "relevant" to the '745 patent's validity. That is incorrect. Merck does not know what documents Mayne intends to use and thus cannot assess relevance in light of the PTAB's discovery procedures. If Mayne wants to assert relevance as the basis for its position, Mayne must identify the documents it wants to disclose to allow for a proper assessment.

      **3.    Fairness, Efficiency, and Merck's Reliance Require Maintaining the Current Order.** Finally, fairness, efficiency, and reliance weigh in favor of rejecting Mayne's application. Merck relied on the existing order when producing confidential information to Mayne. That order provides agreed-upon protections that would not exist in an IPR. Fairness dictates not changing the rules now. Moreover, Congress believed the IPR procedures are fair and more efficient than the broad discovery available in district court. So it is entirely fair to require Mayne to use those procedures pursue the information it seeks.

      In light of the foregoing, Merck respectfully requests that the Court reject Mayne's application to modify the governing protective order.

---

[2] *See Call Wave Communications LLC v. AT&T Mobility LLC*, C.A. No. 12-1701-RGA (D. Del. Feb. 19, 2015) (Ex. B) (because "discovery for the PTAB is an issue for the PTAB. . . [a] request to use" documents from district court discovery "in the IPR is DENIED"); *see also Inventio AG v. ThyssenKrupp Elevator Americas Corporation*, C.A. No. 08-087-RGA, 2013 WL 4476477 (D. Del. 2013) (declining to modify protective order to allow use of district court discovery in Patent Office proceeding); *Teles AG Informationstechnologien v. Cisco Systems, Inc.*, C.A. No. 09-72-SLR-LPS, 2009 WL 5251537 (D. Del. 2009) (same).

[3] S. Rep. No. 110-259 at 5 (2008) (IPRs are "a less expensive, more expeditious … alternative to litigating patent validity issues"); 157 Cong. Rec. S1360, S1376 (Mar. 8, 2011) (In IPRs, "discovery is limited to deposition of witnesses submitting affidavits or declarations, and as otherwise necessary in the interests of justice"); *see also Garmin Int'l, Inc. v. Cuozzo Speed Techs. LLC*, IPR2012-00001, Paper 26, at 5-6 (P.T.A.B. Mar. 5, 2013) (In IPRs, "[l]imited discovery lowers the cost, minimizes the complexity, and shortens the period required for dispute resolution.") (Ex. C).

The Honorable Leonard P. Stark
February 15, 2017
Page 4

       Respectfully,

       */s/ Stephen J. Kraftschik*

       Stephen J. Kraftschik (#5623)

SJK/dla
Attachments
10818664.2
cc: Clerk of the Court (via hand delivery; w/attachments)
   Counsel of Record (via e-mail and CM/ECF; w/attachments)