IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAYNE PHARMA INTERNATIONAL PTY LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 15-438-LPS-CJB |
| MERCK & CO., INC. and MERCK SHARP & DOHME CORP., | ) ) ) | Redacted Public Version |
| Defendants. | ) ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM DAVID M. FRY**

OF COUNSEL:
Jeremy Lowe
Jason Murata
Matthew S. Murphy
AXINN, VELTROP & HARKRIDER LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 275-8100

Dated: February 10, 2017

Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff Mayne Pharma*
*International Pty Ltd.*



David M. Fry
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0705
dfry@shawkeller.com

February 10, 2017

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:   *Mayne Pharma Int'l Pty Ltd. v. Merck & Co., Inc.*, *et al.*, C.A. No. 15-438-LPS-CJB

Dear Chief Judge Stark:

I write on behalf of Plaintiff Mayne Pharma International Pty Ltd. ("Mayne") to request that the Court modify the protective order (D.I. 45) to permit the use of documents produced in this litigation in the parallel *inter partes* review ("IPR"), which was instituted at the request of Defendant Merck Sharp & Dohme Corp. ("Merck").[1] Specifically, Mayne asks that the Court modify paragraph 5 of the protective order as follows:

> 5.  Unless ordered by the Court, or otherwise provided for herein, Protected Information disclosed will be held and used by the person receiving such information solely for use in prosecuting, defending or settling (i) this action and (ii) the *inter partes* review instituted on December 19, 2016 (IPR2016-01186), and will not be used for other purposes. This Order does not restrict in any manner the use or disclosure by a designating party of any information in its own documents or things.

Mayne further requests pursuant to Paragraph 4(i) of the protective order that the Court order that the Patent Trial and Appeal Board (the "PTAB") and its official personnel be included in the definition of "Qualified Person" who are permitted access to Confidential and Highly Confidential information.

## I.    Procedural Background

On June 11, 2016, Merck filed a petition seeking an IPR of certain claims of U.S. Patent No. 6,881,745, including the only two claims asserted in this litigation. On December 19, the PTAB instituted the IPR on three grounds, one of which is that the '745 patent is allegedly obvious in view of certain prior art. The parties have since agreed to stay this litigation until the IPR is resolved, and the Court has granted the stay. D.I. 137. The parties have agreed to a protective order in the IPR ("IPR Protective Order," Ex. A), which limits the use and dissemination of the parties' confidential information in the IPR. Mayne's patent owner response in the IPR is due on March 20, 2017.

## II.    Legal Standard

"Courts have discretionary authority to modify a stipulated protective order." *INVISTA N. Am. S.á.r.l. v. M&G USA Corp.*, C.A. No. 11-1007-SLR-CJB, 2014 U.S. Dist. LEXIS 67848, at *36

---

[1] As part of their stipulation to stay this case pending resolution of the IPR (D.I. 137), the parties have withdrawn, without prejudice, all other disputes raised in their joint letter (D.I. 130).

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 2

(D. Del. May 6, 2014). "Modification of the terms of a protective order is appropriate if the moving party demonstrates 'good cause' for the modification." *Id.* at *35 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994)). In determining whether the moving party has demonstrated good cause, courts in the Third Circuit consider a variety of factors, including "whether the information is being sought for a legitimate purpose" and "whether sharing the information among litigants will promote fairness and efficiency . . . ." *Id.* at *35 n.14 (citing *Pansy*, 23 F.3d at 787-91).[2]

### III. Mayne's Proposed Modification Serves a Legitimate Purpose and Would Promote Fairness and Efficiency

Because some of the documents produced in this litigation are relevant to the IPR—a fact that Merck does not dispute—Mayne's request serves a legitimate purpose. For example,

████████████████████████████████████████

. These facts are directly relevant to several objective indicia of non-obviousness, including at least a long-felt need, commercial success, copying, and failure of others. *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1076-78 (Fed. Cir. 2012). These documents are therefore compelling evidence that Mayne's '745 patent claims are not invalid as obvious in view of prior art raised by Merck in the IPR.

But Mayne does not believe that the Court should be put in the position of determining the relevance of specific documents to the issues that will be addressed by the PTAB. Instead, Mayne requests that the Court allow the parties to present these documents to the PTAB without the protective order acting as an artificial barrier. *See, e.g.*, *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS-CJB, D.I. 47 (D. Del. June 20, 2016) (finding that there is "no reason for an order from this Court to prohibit use of discovery materials in IPR proceedings"; "[w]hat may be used in an IPR, and what confidentiality status it will have, are matters for the PTO to decide") (Ex. B); *Pregis Innovative Packaging Inc. v. Sealed Air Corp.*, C.A. No. 13-1084-LPS, D.I. 36 (D. Del. Dec. 16, 2013) (agreeing "that there is no reason for this Court to place any restriction on what material the USPTO/PTAB may wish to consider in connection with IPR proceedings pending before it") (Ex. C).

Merck has refused to agree to this modification, instead proposing that the parties "address any party's interest in using district court discovery materials on a case-by-case basis." (Ex. D.) Under Merck's proposal, a party seeking to use protected material in the IPR would need to "notify the other of what materials it wishes to use on a document-by-document basis sufficiently in advance of using them to give time for a review." *Id.* Merck has also refused to voluntarily produce these documents in the IPR proceedings (Ex. E at 3), which means that, in the absence of relief from the

---

[2] The other *Pansy* factors are not relevant to this dispute. *See id.* (other factors include "whether disclosure will violate any privacy interests"; "whether disclosure will cause embarrassment to a party"; "whether the information to be disclosed is important to public health and safety"; "whether the party benefiting from the order is a public entity or official"; "whether the case involves issues important to the public"; and "the parties' reliance on the order").

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 3

Court, Mayne will have to shoulder the cost and burden of motion practice in the IPR for documents that it already possesses in the litigation. And because Mayne's patent owner response is due on March 20, any relief from the PTAB could be hollow—by the time Merck "re-produces" its discovery materials, it may already be too late to use them.

Merck's approach is unworkable for several additional reasons. First, it would force the parties to come back to this Court every time they have a dispute over the use of protected materials in the IPR. This process is unnecessary and inefficient. Even if the Court rules that certain materials may be used in the IPR, the PTAB will still need to determine whether—and to what extent—it will consider those materials. There is no need for this Court to serve as a gatekeeper for the PTAB, particularly at a time when the litigation is otherwise stayed and the PTAB is indifferent to the use of litigation documents in the IPR. (Ex. F at 30-31.)

Second, this time-consuming process could have the practical effect of precluding use of protected materials in the IPR altogether. Under Merck's proposal, before the parties could use documents in the IPR, they would need to (1) disclose the documents they intend to use, (2) meet and confer regarding any objections, and (3) request, brief, and argue a discovery dispute teleconference in this Court. Even in the best-case scenario, this process would take several weeks, and could take much longer. For example, it would be almost impossible to resolve a dispute in time for Mayne to use litigation documents in its March 20 patent owner response.

Third, Merck's proposal would require the disclosure of attorney work product. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("[T]he selection and compilation of documents by counsel . . . in preparation for pretrial discovery falls within the highly-protected category of opinion work product."). Mayne should not be forced to disclose "the selection process of [its] counsel in grouping certain documents together out of the thousands produced in this litigation" every time it seeks to use discovery materials in the IPR. *See id.* at 315. An attorney's mental impressions are just as protected in an IPR as they are in litigation. *See, e.g., Broadband iTV, Inc. v. Hawaiian Telecom*, No. 15-mc-80053 HRL, 2015 U.S. Dist. LEXIS 51131, at *9 (N.D. Cal. Apr. 17, 2015) ("both work product and attorney-client privilege apply to . . . communications, strategies, and actions in the IPR" because an IPR is an adversarial proceeding).

Merck has offered no justification for imposing this burdensome and inefficient process on the parties and the Court—nor can it. The protective order already includes a prosecution bar, which guards against the inadvertent use of protected information by anyone involved in amending patent claims. D.I. 45, ¶ 2. And even if the prosecution bar did not cover IPR proceedings, "the magnitude of [the risk of inadvertent use of protected information] is far less pronounced with respect to an IPR proceeding (in which [the patentee's] patent claims may be only narrowed, not enlarged) as compared to the prosecution of a new patent before the PTO." *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, C.A. No. 15-691-LPS-CJB, 2016 U.S. Dist. LEXIS 14006, at *6-8 (D. Del. Feb. 4, 2016). Moreover, the IPR Protective Order further reduces the risk of misuse of the documents by protecting the parties' confidential information in the IPR.

Because Mayne's request serves a legitimate purpose and would promote fairness and efficiency, Mayne has established good cause for adopting its proposed modification to the protective order. Thus, Mayne respectfully requests that the Court grant Mayne's request and allow the parties to use documents produced in this litigation in the IPR.

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 4

Respectfully submitted,

*/s/ David M. Fry*

David M. Fry (No. 5486)

cc:    Clerk of the Court (by hand delivery)
       Counsel of Record (by CM/ECF and e-mail)

# Exhibit A

UNITED STATES PATENT AND TRADEMARK OFFICE
————————————————

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**
————————————————

MERCK SHARP & DOHME CORP.,

Petitioner,

v.

MAYNE PHARMA INTERNATIONAL PTY LTD.,

Patent Owner.
————————————————

Case IPR2016-01186

U.S. Patent No. 6,881,745
————————————————

**PATENT OWNER'S MOTION TO SEAL**
**AND FOR ENTRY OF PROTECTIVE ORDER**

Mail Stop Patent Board
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Pursuant to 37 C.F.R. § 42.54, Patent Owner Mayne Pharma International Pty Ltd. hereby requests that the Patent Trial and Appeal Board (the "Board") seal the unredacted version of Exhibit 2062, the stenographic transcript of the January 23, 2017 Initial Conference Call before the Board.   Pursuant to Appendix B to the Office Patent Trial Practice Guide (77 Fed. Reg. 48756 (Aug. 14, 2012)) ("Trial Practice Guide"), Patent Owner is concurrently filing a non-confidential version of Exhibit 2062, with the confidential material reacted.  Also pursuant to 37 C.F.R. § 42.54 and the Trial Practice Guide at 48760 and Appendix B, Patent Owner hereby requests entry in this proceeding of the attached proposed Protective Order.

Page 28, lines 17-22 of Exhibit 2062 contains information about Patent Owner's confidential business activities.  During the Initial Conference Call, Lead Counsel for Patent Owner Jeremy Lowe notified the Board and Counsel for Petitioner that his discussion of these activities was confidential.  In response, the Board suggested that Patent Owner designate this discussion as confidential at the time Patent Owner files the transcript as an exhibit.  Good cause therefore exists for sealing this document.

Attached hereto is Patent Owner's proposed Protective Order.  It differs from the Default Protective Order contained in Appendix B by extending the protections of the Protective Order to documents labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in two locations:  Paragraph 1 and Paragraph 4(B).  As Lead

1

Counsel for Patent Owner explained during the Initial Conference Call, Patent Owner anticipates that confidential documents produced in the related District Court litigation may be used in this proceeding.  Those documents are labeled "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" pursuant to the litigation protective order.  The proposed modifications will facilitate the efficient use of litigation documents, discovery and testimony without the burden of additional re-labeling of the documents.

Counsel for Patent Owner and Counsel for Petitioner met and conferred on January 24, 2017 regarding Patent Owner's request to file the instant Motion for Entry of Protective Order.  The parties reached a consensus that is reflected in the attached Protective Order.  However, in agreeing to the attached proposed Protective Order, Petitioner does not agree that any document(s) from the district court litigation may be submitted in this proceeding without obtaining prior consent on a document-by-document basis from the party that originally produced such document(s) in the district court case.  Petitioner expressly reserves all rights under the district court's protective order to require strict adherence to its terms.  Patent Owner respectfully submits that the District Court is the appropriate forum for arguments regarding whether the litigation protective order allows or should be modified to allow the parties to use confidential litigation documents in this IPR and

that Petitioner's objection and reservation of rights in these proceedings is therefore inappropriate and unnecessary.

For the foregoing reasons, Patent Owner respectfully requests that the Board enter an Order sealing the unredacted version of Exhibit 2062 and requiring the parties to abide by the attached proposed Protective Order.

Respectfully submitted,

AXINN, VELTROP & HARKRIDER LLP

Date:   January 30, 2017       By:   / Jeremy Lowe /
                                                Jeremy Lowe, Reg. No. 48,085
                                                Jonathan A. Harris, Reg. No. 44,744
                                                Axinn, Veltrop & Harkrider LLP
                                                90 State House Square
                                                Hartford, CT  06002
                                                Phone:  (860) 275-8100
                                                Fax:  (860) 275-8101

                                                Customer No. 067272

                                                *Attorneys for Patent Owner Mayne Pharma International Pty Ltd.*

4

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————————

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**

———————————————

MERCK SHARP & DOHME CORP.,

Petitioner,

v.

MAYNE PHARMA INTERNATIONAL PTY LTD.,

Patent Owner.

———————————————

Case IPR2016-01186

U.S. Patent No. 6,881,745

———————————————

**<u>PROTECTIVE ORDER</u>**

Mail Stop Patent Board
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

This Protective Order governs the treatment and filing of confidential information, including documents and testimony.

1.    Confidential information shall be clearly marked "PROTECTIVE ORDER MATERIAL," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.    Access to confidential information is limited to the following individuals who have executed the acknowledgement appended to this order:

(A) Parties.  Persons who are owners of a patent involved in the proceeding and other persons who are named parties to the proceeding.

(B) Party Representatives.  Representatives of record for a party in the proceeding.

(C) Experts.  Retained experts of a party in the proceeding who further certify in the Acknowledgement that they are not a competitor to any party, or a consultant for, or employed by, such a competitor with respect to the subject matter of the proceeding.

(D) In-house counsel.  In-house counsel of a party.

(E) Other Employees of a Party.  Employees, consultants or other persons performing work for a party, other than in-house counsel and in-house counsel's support staff, who sign the Acknowledgement shall be extended access to confidential information only upon agreement of the parties or by order of the Board upon a motion brought by the party seeking to disclose confidential information to

1

that person.  The party opposing disclosure to that person shall have the burden of proving that such person should be restricted from access to confidential information.

(F) The Office.  Employees and representatives of the Office who have a need for access to the confidential information shall have such access without the requirement to sign an Acknowledgement.  Such employees and representatives shall include the Director, members of the Board and their clerical staff, other support personnel, court reporters, and other persons acting on behalf of the Office.

(G) Support Personnel.  Administrative assistants, clerical staff, court reporters and other support personnel of the foregoing persons who are reasonably necessary to assist those persons in the proceeding shall not be required to sign an Acknowledgement, but shall be informed of the terms and requirements of the Protective Order by the person they are supporting who receives confidential information.

3.     Persons receiving confidential information shall use reasonable efforts to maintain the confidentiality of the information, including:

(A) Maintaining such information in a secure location to which persons not authorized to receive the information shall not have access;

(B) Otherwise using reasonable efforts to maintain the confidentiality of the information, which efforts shall be no less rigorous than those the recipient uses to maintain the confidentiality of information not received from the disclosing party;

(C) Ensuring that support personnel of the recipient who have access to the confidential information understand and abide by the obligation to maintain the confidentiality of information received that is designated as confidential; and

(D) Limiting the copying of confidential information to a reasonable number of copies needed for conduct of the proceeding and maintaining a record of the locations of such copies.

4.      Persons receiving confidential information shall use the following procedures to maintain the confidentiality of the information:

(A) Documents and Information Filed With the Board.

(i) A party may file documents or information with the Board under seal, together with a non-confidential description of the nature of the confidential information that is under seal and the reasons why the information is confidential and should not be made available to the public.  The submission shall be treated as confidential and remain under seal, unless, upon motion of a party and after a hearing on the issue, or sua sponte, the Board determines that the documents or information do not to qualify for confidential treatment.

(ii) Where confidentiality is alleged as to some but not all of the information submitted to the Board, the submitting party shall file confidential and non-confidential versions of its submission, together with a Motion to Seal the confidential version setting forth the reasons why the information redacted from the

non-confidential version is confidential and should not be made available to the public. The non-confidential version of the submission shall clearly indicate the locations of information that has been redacted. The confidential version of the submission shall be filed under seal. The redacted information shall remain under seal unless, upon motion of a party and after a hearing on the issue, or sua sponte, the Board determines that some or all of the redacted information does not qualify for confidential treatment.

(B) Documents and Information Exchanged Among the Parties. Information designated as confidential that is disclosed to another party during discovery or other proceedings before the Board shall be clearly marked as "PROTECTIVE ORDER MATERIAL", "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be produced in a manner that maintains its confidentiality.

(i) Standard Acknowledgement of Protective Order. The following form may be used to acknowledge the Protective Order and gain access to information covered by the Protective Order:

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**
_____

MERCK SHARP & DOHME CORP.,

Petitioner,

v.

MAYNE PHARMA INTERNATIONAL PTY LTD.,

Patent Owner.
_____

Case IPR2016-01186

U.S. Patent No. 6,881,745
_____

**ACKNOWLEDGEMENT**
**FOR ACCESS TO PROTECTIVE ORDER MATERIAL**

Mail Stop Patent Board
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

5

I _____, affirm that I have read the Protective Order; that I will abide by its terms; that I will use the confidential information only in connection with this proceeding and for no other purpose; that I will only allow access to support staff who are reasonably necessary to assist me in this proceeding; that prior to any disclosure to such support staff I informed or will inform them of the requirements of the Protective Order; that I am personally responsible for the requirements of the terms of the Protective Order and I agree to submit to the jurisdiction of the Office and the District of Delaware for purposes of enforcing the terms of the Protective Order and providing remedies for its breach.

DATE:_____          SIGNED:_____

## **CERTIFICATE OF SERVICE**

Pursuant to 37 C.F.R. § 42.6(e), I hereby certify that on January 30, 2017, a

true and accurate copy of **PATENT OWNER'S MOTION TO SEAL AND FOR**

**ENTRY OF PROTECTIVE ORDER** was served via electronic mail by agreement

of the parties, on the following counsel of record for Petitioner:

> Jane M. Love, Ph.D.:  jlove@gibsondunn.com
> Robert W. Trenchard:  rtrenchard@gibsondunn.com
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue
> New York, NY
> Telephone:  212-351-3922

Dated:        January 30, 2017                                  / Jeremy Lowe /
                                                                             Jeremy Lowe
                                                                             Reg. No. 48,085

7

# Exhibit B

ORAL ORDER: Having reviewed the parties' letters (D.I. 45, 46) and accompanying exhibits, IT IS HEREBY ORDERED that: (1) Plaintiff's proposal in paragraph 2 of the parties' proposed Protective Order (D.I. 45-1) regarding use of "Confidential Information" in inter partes review ("IPR") proceedings before the PTO is ADOPTED. Defendants have presented no reason for an order from this Court to prohibit use of discovery materials in IPR proceedings. What may be used in an IPR, and what confidentiality status it will have, are matters for the PTO to decide; (2) Defendants' proposal to allow two in-house attorneys for each side to have access to "Highly Confidential" information, subject to the terms of the Protective Order, is ADOPTED, as Plaintiff's articulated concerns are entirely speculative or insufficient bases to preclude Defendants from using in-house counsel to litigate this case; (3) Plaintiff's proposal for the scope of the prosecution bar is ADOPTED, as it is more reasonable than Defendants' overly-broad proposed scope; (4) Plaintiff's proposal for part 3(b)(2), that the prosecution bar apply to both outside and in-house counsel who receive "Confidential" or "Highly Confidential" information, is ADOPTED (Defendants did not dispute this issue in their letter); and (5) the parties shall submit a revised proposed protective order, consistent with this Order, no later than June 24, 2016. IT IS FURTHER ORDERED that the discovery call scheduled for June 21, 2016 is CANCELLED. ORDERED by Judge Leonard P. Stark on 6/20/16. (ntl) (Entered: 06/20/2016)

As of June 21, 2016, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*454 Life Sciences Corporation v. Ion Torrent Systems, Inc. et al*
1-15-cv-00595 (DED), 6/20/2016, docket entry 47

# Exhibit C

ORAL ORDER by Judge Leonard P. Stark: Having reviewed the parties' letters relating to a dispute in connection with the Protective Order to be entered in this case (D.I. 33 , 34 , 35 ), IT IS HEREBY ORDERED that the Court will ADOPT Plaintiffs proposed version of Section III.B. The Court agrees with Plaintiff that there is no reason for this Court to place any restriction on what material the USPTO/PTAB may wish to consider in connection with IPR proceedings pending before it. The intent and effect of the Protective Order the Court will enter is to permit any party to proffer to the PTAB any discovery material from the instant litigation, but without in any way affecting the PTABs ability to interpret and enforce its own rules and procedures. As Plaintiff correctly states, the Protective Order entered in this case will have no bearing or effect on any such putative future objections to use of discovery material in the IPR proceedings and will also have no bearing or effect on what evidence the USPTO may or may not choose to receive during the trial of any IPR proceeding that may occur. (D.I. 35 at 2) IT IS FURTHER ORDERED that: (1) the parties shall submit a proposed form of Protective Order, consistent with this ruling, no later than December 20, 2013; and (2) the teleconference scheduled for tomorrow, December 17, to address this dispute is CANCELLED (rpg) Modified on 12/16/2013 (rpg). (Entered: 12/16/2013)

**Exhibits D-F Redacted in Their Entirety**